E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
California Bar No. 141489
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6880
    Facsimile: (213) 894-7819
    E-mail: Joanne.Osinoff@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>LETTERS ROGATORY FROM THE<br><br>CANTONAL COURT OF<br><br>OBWALDEN, SWITZERLAND | CASE NO. 2:22-mc-251<br><br>APPLICATION FOR ORDER APPOINTING THE ASSISTANT UNITED STATES ATTORNEY AS COMMISSIONER<br><br>(28 U.S.C. § 1782) |

    The United States of America by the undersigned E. Martin Estrada, United States Attorney for the Central District of California, David M. Harris, Assistant United States Attorney, Chief, Civil Division, by Joanne S. Osinoff, Assistant United States Attorney, Chief, General Civil Section, petitions this Court for an Order pursuant to § 1782 of Title 28 of the United States Code, in the form

1

submitted, appointing Joanne S. Osinoff, Assistant United States Attorney, Chief, General Civil Section, or her successor in office, as Commissioner and directing the obtaining of the evidence from Justin James Benoit, who, it has been determined, resides within the jurisdiction of this Court, pursuant to the terms and conditions set forth in the Letters Rogatory issued by the above-entitled court, pertinent to the paternity proceeding in Switzerland, <u>Jayde Inabnit Melody v. Justin James Benoit</u>, Ref. No. ZV 21/004/III.

Attached as Exhibit 1 is a copy of the Letters Rogatory from the Cantonal Court of Obwalden, Switzerland.

The only restrictions explicitly stated in 28 U.S.C. § 1782 are: (1) that the request be made by a foreign or international tribunal or any interested person; (2) that the testimony or material requested be for use in a proceeding in a foreign or international tribunal; and (3) that the person or entity from whom the discovery is sought is a resident of or can be found in the district where the application is filed.  See <u>In Re Request for Judicial Assistance from the Seoul District Criminal Court, Seoul, Korea</u>, 555 F.2d 720, 723 (9th Cir., 1977); <u>United States v. Sealed 1, Letter of Request for Legal Assistance from the Deputy Prosecutor General of the Russian Federation</u>, 235 F.3d 1200, 1205 (9th Cir. 2000) (citing <u>Korea</u> at 555 F.2d at 723 that, "Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or

material requested be for use in a proceeding in such a tribunal"); In Re Bayer AG, 146 F.3d 188, 192 (3rd Cir. 1998).

All these three requirements are met in this case. First, the request was made by the Cantonal Court of Obwalden, Switzerland, which is a foreign tribunal. Second, there is a proceeding in the court entitled, Jayde Inabnit Melody v. Justin James Benoit, reference number ZV 21/004/III, and the evidence being sought is for use in that proceeding by that court. Finally, it has been determined that Justin James Benoit resides within the jurisdiction of this Court.

It has been the expressed intent of Congress to facilitate the rendering of judicial assistance to foreign courts. As the Senate Judiciary Committee Report as to the 1964 amendments to Section 1782 noted:

> "Enactment of the bill into law will constitute a major step in bringing the United States to the forefront of nations adjusting their procedures to those of sister nations and thereby providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects.
>
> It is hoped that the initiative taken by the United States in improving its procedures will invite foreign countries similarly to adjust their procedures."

S.Rep. 1580, 88th Cong. 2d Sess., reprinted in 1964 U.S. Code Cong. & Admin. News 3782, 3783.  Thus, Section 1782 should be liberally construed as to favor assistance to international or foreign tribunals.  See e.g. In Re Application of Malev Hungarian Airlines, 964 F.2d 97, 99-100 (2nd Cir.), cert. denied, sub nom, United Technologies Int'l v. Malev Hungarian Airlines, 506 U.S. 861 (1992).

In this case, the court in Switzerland seeks to have a cheek swab taken and sent to the Forensic Institute in Zurich, Switzerland.  Compulsory blood testing is now a routine procedure in paternity cases,[1] and it is submitted that, a fortiori, a cheek swab is appropriate and authorized by law.

28 U.S.C. § 1782 authorizes the taking of a cheek swab sample.  The legislative history of 28 U.S.C. § 1782 "indicates that Congress intended the

---

[1]   While the law of the State of California is not relevant to the only issue before this Court (whether this Court should order Justin James Benoit to provide the cheek swab sample requested by the Local Court of Konstanz, Germany), California's Uniform Act on Blood Tests to Determine Paternity would require the mother, child and alleged father to submit to blood tests.  See California Family Code, Section 7550 et seq., and Section 7551 in particular.  Cf. In Re Letter Rogatory from the Local Court of Ludwigsburg, Federal Republic of Germany, supra, 154 F.R.D. at 201 (Illinois statute regarding blood testing not relevant to the question of whether Article 11 of the Hague Convention permits the putative father the right to refuse to give evidence).
   The obtaining of a blood sample is also available under Rule 35 of the Federal Rules of Civil Procedure, which permits a physical examination, including a blood test, upon a showing of good cause.  Good cause is shown here because the blood test is relevant to the issue of paternity.  In Re Letter Rogatory from the Local Court of Ludwigsburg, Federal Republic of Germany, in the matter of Antone Smith, supra, 154 F.R.d. at 200; In Re Letter of Request from the Amtsgericht Ingolstadt, Federal Republic of Germany, 82 F.3d 590, 592 (4th Cir. 1996) (same).

statute to be applied in cases where the evidentiary request goes beyond the traditional request for testimony.

> "Subsection (a) of proposed revised section 1782 makes clear that U.S. judicial assistance may be sought not only to compel testimony and statements but also to require the production of documents and other tangible evidence. It thus recognized that the need for obtaining tangible evidence may be as imperative as the need for obtaining oral evidence."

S.Rep. No. 1580, 88th Cong., 2nd Sess., reprinted in 1964 U.S. Code Cong. & Admin. News 3782, 3788." In Re Letter Rogatory from the Local Court of Ludwigsburg, Federal Republic of Germany, in the Matter of Antone Smith, supra, 154 F.R.D. at 200.

In In Re Letter of Request from the Local Court of Pforzheim, Division AV, Federal Republic of Germany, 130 F.R.D. 363 (W.D.Mich. 1989), the district court held that a putative father could be ordered to give a blood sample pursuant to a Letter Rogatory issued in a foreign paternity proceeding. The court found that such a directive was not oppressive or unduly burdensome and did not violate any substantive or due process right of the alleged father.[2] Id. At 366. Accord, In

---

[2] A compelled blood test would not violate an individual's right against self-incrimination or the right to be free from unreasonable searches and seizures. See Schmerber v. California,

5

Re Letter Rogatory from the Local Court of Ludwigsburg, Federal Republic of Germany, in the Matter of Antone Smith, 154 F.R.D. 196 (N.D. Ill. 1994) (putative father could be ordered to permit taking of blood sample for purpose of ascertaining paternity); In Re Letters Rogatory from the Local Court (Amtsgericht) of Plon, Germany, 29 F.Supp.2d. 776, 777 (E.D.Mich. 1998) (same), aff'd sub nom United States v. Devine, 208 F.3d 215 (6th Cir. 2000).  This Court is not required to determine if a prima facie case of paternity exists before ordering a subject to submit a blood sample.  Instead, it should defer to the finding of the foreign court that sufficient grounds existed to order a blood sample testing. In Re Letter of Request from the Boras District Court, Sweden, in the Matter of Edward Nevins, 153 F.R.D. 31 (E.D.N.Y. 1994).

Therefore, the United States respectfully requests the Court to sign the Order, being lodged under separate cover, appointing Joanne S. Osinoff, Assistant United States Attorney, Chief, General Civil Section, or her successor in office, as Commissioner, and directing Justin James Benoit to provide the cheek swab

---

384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); see also In Re Letter Rogatory from the Local Court of Ludwigsburg, Federal Republic of Germany, in the Matter of Antone Smith, supra, 154 F.R.D. at 201; In Re Request for Judicial Assistance from the City Court of Jonkoping, Sweden, in the Matter of Christopher Houck, 1997 WL 1052017 at *2 (D.Conn. October 10, 1997); In Re Letter of Request from the Boras District Court, Sweden, 153 F.R.D. 31, 34-35 (E.D.N.Y. 1994); In Re Letter of Request from the Amtsgericht Ingolstadt, Federal Republic of Germany, 82 F.3d 590, 592 (4th Cir. 1996) ("Blood tests, however, ordinarily do not raise a Fifth Amendment issues," citing Schmerber v. California).  It therefore follows, that the cheek swab sample sought here would raise no constitutional concerns.

sample for testing, to enable the German court to complete the proceedings before it.

DATED: December 23, 2022.

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

*/s/ Joanne S. Osinoff*

JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
Attorneys for the United States of America